UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

_____

ROBERT MORRIS III,

          Plaintiff,

                                   Case No. 1:19-cv-68

v.

                                   Hon.

BETSY DEVOS, in her official capacity as
Secretary of the United States Department of
Education; and her successor in Office.

          Defendant.

---

Nicholas S. Laue (P79260)
Keller & Almassian, PLC
Attorneys for Plaintiff
230 E. Fulton Street
Grand Rapids, MI 49503
(616) 364-2100

---

## **<u>COMPLAINT</u>**

      Plaintiff, Robert Morris III, by and through his counsel, Keller & Almassian, PLC, and for his Complaint against the Defendant, Betsy Devos, in her official capacity as Secretary of the United States Department of Education, states as follows:

### **INTRODUCTION**

1.  Plaintiff, Robert Morris III ("Plaintiff"), brings this action, pursuant to 5 U.S.C. § 702, for judicial review of the Secretary of the U.S. Department of Education's ("Defendant") denial of his application for discharge of his federal student loans under 34 CFR § 682.402(d) – school closure.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and the Administrative Procedure Act, 5 U.S.C. § 702. The Administrative Procedure Act states that any person "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because a substantial part of the events giving rise to the claim occurred in this district and Plaintiff resides in this district.

**PARTIES**

4. Plaintiff, Robert Morris III, is a natural person of the United States, a citizen of the state of Michigan, and resides in Muskegon, Michigan.

5. Defendant, Betsy Devos, is Secretary of the United States Department of Education (the "Department"), which is headquartered at 400 Maryland Avenue, SW, Washington, D.C. 20202. The Secretary oversees all operations of the Department and the administration of the federal student loan program. She is sued in her official capacity.

**FACTUAL ALLEGATIONS**

6. Plaintiff attended Saint Mary of the Plain College – American Truck Driving School from approximately June of 1989 to May of 1990.

7. Plaintiff received from the Department of Education two guaranteed loans for Plaintiff to attend Saint Mary of the Plain College – American Truck Driving School in the amount of $3,982.00. (See **Exhibit A and B**).

8. While attending Saint Mary of the Plain College – American Truck Driving School, but prior to Plaintiff graduating, Saint Mary of the Plain College – American Truck Driving School closed its doors. Due to the school closure, Plaintiff was unable to complete his education.

9. According to the School Closing Spreadsheet that is promulgated by the Department of Education, Saint Mary of the Plain College – American Truck Driving closed on May 30, 1990.

10. Plaintiff has not graduated or transferred schools, and he has not completed the course work.

11. Since the school's closure, Plaintiff has paid money toward the student loans. Approximately $16,000.00 is outstanding.

12. Before February 2018, Plaintiff applied to have his student loans discharged by submitting Form 1845-0058 pursuant to 34 CFR § 682.402(d)(3).

13. On February 26, 2018, Plaintiff received notification from Defendant informing him that he was not eligible for discharge because Saint Mary of the Plain College closed on June 30, 1992. (**Exhibit C**).

**COUNT ONE**
**Defendant Violated 34 CFR § 682.402**

14. Plaintiff adopts and incorporates by reference all preceding paragraphs to this Complaint as if fully set forth herein.

15. Under 34 CFR § 682.402(d)(1) – closed school discharge, it states in relevant part:

The Secretary reimburses the holder of a loan received by a borrower on or after January 1, 1986, and discharges the borrower's obligation with respect to the loan in accordance with the provisions of paragraph (d) of this section, if the borrower (or the student for whom a parent received a PLUS loan) could not complete the program of study for which the loan was intended because the school at which the

3

borrower (or student) was enrolled, closed, or the borrower (or student) withdrew from the school not more than 90 days prior to the date the school closed. This 90-day period may be extended if the Secretary determines that exceptional circumstances related to a school's closing would justify an extension.

16. To qualify for the closed school discharge, the borrower must meet the following

qualifications:

(3) Borrower qualification for discharge. Except as provided in paragraph (d)(8) of this section, in order to qualify for a discharge of a loan under paragraph (d) of this section, a borrower must submit a written request and sworn statement to the holder of the loan. The statement need not be notarized, but must be made by the borrower under the penalty of perjury, and, in the statement, the borrower must state --

(i) Whether the student has made a claim with respect to the school's closing with any third party, such as the holder of a performance bond or a tuition recovery program, and if so, the amount of any payment received by the borrower (or student) or credited to the borrower's loan obligation;

(ii) That the borrower (or the student for whom a parent received a PLUS loan) --

(A) Received, on or after January 1, 1986, the proceeds of any disbursement of a loan disbursed, in whole or in part, on or after January 1, 1986 to attend a school;

(B) Did not complete the educational program at that school because the school closed while the student was enrolled or on an approved leave of absence in accordance with § 682.605(c), or the student withdrew from the school not more than 90 days before the school closed; and

(C) Did not complete the program of study through a teach-out at another school or by transferring academic credits or hours earned at the closed school to another school;

(iii) That the borrower agrees to provide, upon request by the Secretary or the Secretary's designee, other documentation reasonably available to the borrower that demonstrates, to the satisfaction of the Secretary or the Secretary's designee, that the student meets the qualifications in paragraph (d) of this section; and

(iv) That the borrower agrees to cooperate with the Secretary or the Secretary's designee in enforcement actions in accordance with paragraph (d)(4) of this section, and to transfer any right to recovery against a third party in accordance with paragraph (d)(5) of this section. [34 CFR § 682.402(d)(3).]

17. Plaintiff received a loan for the 1989 and 1990 school year, respectively.

18. Saint Mary of the Plain College – American Truck Driving School closed on May 30, 1990.

19. Plaintiff was enrolled at the time Saint Mary of the Plain College – American Truck Driving School closed.

20. Plaintiff did not complete the course requirements.

21. Plaintiff meets the requirements of 34 CFR § 682-402(d).

22. Pursuant to 34 CFR § 682.402, the Defendant had a duty to discharge Plaintiff's loans and reimburse monies paid toward his loans, but wrongfully failed to do so.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an order pursuant to 34 CFR § 682-402(d), which

1) Relieves and discharges the Plaintiff from any existing or past obligation to repay the student loan, along with any charges imposed or costs incurred;

2) Orders that Defendant reimburse Plaintiff for all amounts paid on the student loans;

3) Orders that Plaintiff is eligible to receive assistance under the Title IV, HEA programs; and

4) Require that the holder of the loan record the discharge to all credit reporting agencies.

Respectfully submitted,

Dated: January 29, 2019

/s/ Nicholas S. Laue
Nicholas S. Laue (P79260)
Keller & Almassian, PLC
Attorneys for Plaintiff
230 E. Fulton Street
Grand Rapids, MI 49503
(616) 364-2100